Filed 9/21/16  P. v. Chavez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068960 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD228929) |
| LEOPOLDO CHAVEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Kimberly J. Grove, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

This is an appeal from a resentencing hearing.  The case arises from two murders committed in 1993.  Ultimately Leopoldo Chavez, who was 17 at the time of the

offenses, was identified as a suspect.  He was convicted of two counts of first degree

murder (Pen. Code,[1] § 187) in 2012.  Following a jury trial Chavez was sentenced to life

without parole (LWOP) pursuant to section 190.5.

On direct appeal, this court affirmed the convictions but vacated the sentence.  We

remanded the case for a new sentencing hearing in light of *Miller v. Alabama* (2012) 567

U.S. ___ [132 S.Ct. 2455, 2469] (*Miller*)).  (*People v. Chavez* (2014) 228 Cal.App.4th 18,

34.)

Following remand, the trial court held an extensive sentencing hearing during

which it explored the various factors impacting youthful offenders and heard testimony

from a mental health expert regarding Chavez's mental state and background.  At the

completion of the hearing the court sentenced Chavez to two consecutive terms of 25

years to life, plus one year.

Chavez appeals contending the 50-year-to-life sentence is a defacto LWOP

sentence and thus violates *Miller*, *supra,* 132 S.Ct. 2455.

After the filing of the appellant's opening brief our Supreme Court issued its

opinion in *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) which held that the newly

enacted parole provisions in section 3051, subdivision (b)(3), providing for a parole

hearing for youthful offenders serving life terms during their 25th year of imprisonment

notwithstanding the longer term imposed by sentence, mooted the challenge that a term,

such as 50 years to life was cruel and unusual.  The court in *Franklin* also held that the

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

defendant in that case, who had been sentenced prior to *Miller, supra,* 132 S.Ct. 2455, was entitled to have the case remanded for the purpose of making a record of the youthful offender issues that related to him for future parole consideration.

Based on the directions provided by the court in *Franklin, supra,* 63 Cal.4th 261, we will affirm the sentence imposed on the earlier remand. Since Chavez was given a full hearing on that remand to discuss the very issues affecting him as a youthful offender, we will find it unnecessary to send the case back for yet another hearing. Chavez has had a full opportunity to create the record anticipated by the court in *Franklin*.

STATEMENT OF FACTS

Both parties rely on a brief statement of facts taken from our prior opinion. We will utilize the same summary for convenience.

[T]he 20- and 23-year-old victims were sailors enlisted in the United States Navy, one of whom was driving a brand new Toyota pickup truck. The victims were murdered at a location where young adults, including other Navy personnel and their friends, frequently gathered to drink, listen to music and socialize around a number of bonfires. Multiple witnesses recalled that [appellant], who was 17 at the time of the killings, was at the scene of the bonfires shortly before the murders took place. The witnesses also uniformly recalled that [appellant] was in the company of at least one other teenager or young adult and that [appellant] and his companion were acting in a very aggressive and threatening manner toward other Navy personnel and their friends present at the bonfires. Four days after the murders, [appellant] was stopped in Tijuana, Mexico, while driving

3

the 20-year-old victim's new Toyota pickup truck.  Importantly, some years after the murders, investigators were able to match DNA retrieved from the pants pocket of the 20-year-old victim with [appellant's] DNA.

## DISCUSSION

### A.  Senate Bill No. 260 (2013-2014 Reg. Sess.) Moots Chavez's Claims

In *Miller, supra*, 132 S.Ct. at page 2469, the court held that mandatory imposition of an LWOP sentence on a person who was a minor at the time of the offense violates the Eighth Amendment prohibition against cruel and unusual punishment.  The court required that any LWOP sentence imposed "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison."  (*Ibid.*)

In *People v. Caballero* (2012) 55 Cal.4th 262, 268 (*Caballero*), the court struck down a 110-year-to-life sentence as a defacto LWOP sentence because the minimum parole date exceeded human life expectancy.  The court held that the state must provide the youthful offender a meaningful opportunity to obtain release from prison during the person's lifetime.  The court strongly urged the Legislature to address the issue of providing the offender a meaningful opportunity to earn release.  (*Id.* at p. 269, fn. 5.)

In 2013, the Legislature responded with Senate Bill No. 260 which amended section 3051 to address the problem of youthful offenders who are serving terms in excess of 25 years to life.  The statute added subdivision (b)(3), which provided that an offender sentenced to a term of 25 years to life for an offense committed before the offender was 23 years old "shall be eligible for release on parole by the [Board of Parole

4

Hearings] during his or her 25th year of incarceration."  The section provides an earlier time for parole hearings for such offenders serving a term of less than 25 years to life. Under the statute, the board must conduct a youthful offender parole hearing that provides a "meaningful opportunity to obtain release."  (§ 3051, subds. (d)-(f).)

The question presented in *Franklin, supra,* 63 Cal.4th 261 and here is whether the enactment of the youthful offender parole provisions moots the offender's claim that a sentence, such as 50 years to life constitutes an improper LWOP sentence in violation of the principles established in *Miller, supra,* 132 S.Ct. 2455.  The court in *Franklin* held the statute mooted the claim, and we will reach the same conclusion here.

Chavez argues the amendments to section 3051 do not moot his claim that the 50-year-to-life sentence is unlawful.  He argues that notwithstanding the statute the sentence itself must be adjusted after a weighing by the trial court of the factors outlined in *Miller, supra,* 132 S.Ct. 2455 and *Caballero, supra,* 55 Cal.4th 262.  However, the issue of whether the amendments to section 3051 have mooted the claim were squarely decided in *Franklin, supra,* 63 Cal.4th 261.  There the defendant contended his 50-year-to-life sentence was still unlawful even after the statutory amendments.  After a lengthy analysis of the statutory scheme regarding parole for youthful offenders, the court concluded its discussion:

> "In sum, the combined operation of section 3051, section 3046, subdivision (c) and section 4801 means that Franklin is now serving a life sentence that includes a meaningful opportunity for release during his 25th year of incarceration.  Such sentence is neither LWOP nor its functional equivalent.  Because Franklin is not serving an LWOP sentence or its functional equivalent, no *Miller* claim arises here.  The Legislature's enactment of Senate Bill No. 260 has

5

rendered moot Franklin's challenge to his original sentence under *Miller*." (*Franklin, supra*, 63 Cal.4th at pp. 279-280.)

Appellate counsel recognizes that we are bound to follow *Franklin, supra,* 63 Cal.4th 261 in this case. (*Auto Equity Sales, Inc. v Superior Court* (1962) 57 Cal.2d 450, 455.) Counsel maintains, however, that *Franklin* was wrongly decided in order to preserve the issue for possible later review. Chavez's *Miller* claim that his sentence is cruel and unusual has been rendered moot by legislative change.

## B. Remand Is Not Required

In *Franklin, supra,* 63 Cal.4th 261, the defendant was sentenced prior to *Miller, supra,* 132 S.Ct. 2455. The original sentencing hearing in that case did not provide the defendant with the opportunity to make a record of the factors which impacted him as a youthful offender. The court concluded that a defendant should be provided an opportunity to create such a record at the time of sentencing as the information will likely be more available early rather than 25 years later at a youthful offender parole hearing. Thus, the court ordered Franklin's case be remanded to the trial court for the limited purpose of allowing him to make a record of the relevant *Miller* factors if he wishes to do so. At that hearing, as we understand it, the trial court would not have the authority to modify the sentence. The court could only provide an opportunity to make a relevant record. (*Franklin, supra*, at pp. 283-284.)

In this case, unlike *Franklin, supra,* 63 Cal.4th 261, Chavez has already had the opportunity to make an appropriate record. As we have set out in the procedural background, our court remanded this case to the trial court for resentencing in accordance

6

with *Miller, supra,* 132 S.Ct. 2455. On remand the trial court held a lengthy hearing and allowed Chavez to thoroughly explore the factors relating to youthful offenders in general, and as to him personally. Following the hearing the trial court reduced the sentence from LWOP to 50 years to life for two first degree murders. Thus, we believe the purpose of a remand hearing as directed by *Franklin* has been satisfied and that further remand is unnecessary.

DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.

7